IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. JOHNSON, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 15-20 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| RONALD JOHNSON *et al.*; KAREN ) | |
| JOHNSON; POLICE OFFICER JOSEPH ) | |
| NIXSON; FRANK O'LEATH *EMT-P.*; ) | |
| WILLIE WEBER *Chief of Arnold Police* ) | |
| *Dept.*; CITY OF ARNOLD *and it's Mayor*; ) | |
| JOHN J. PETRUSH *Assistant District* ) | Re: ECF Nos. 23 and 28 |
| *Attorney*; PUBLIC DEFENDER GREGG ) | |
| CECCHETTI, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

**KELLY, Chief Magistrate Judge**

Presently before the Court are two Motions to Dismiss for failure to state a claim. For the reasons that follow, the Motion to Dismiss Amended Complaint filed by Defendants Gregg Cecchettie[1] and John J. Petrush, ECF No. 23, is granted and the partial Motion to Dismiss filed by Defendants City of Arnold, Joseph Nixson[2] and Willie Weber, ECF No. 28, is granted.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This case was removed to this Court from the Court of Common Pleas of Westmoreland County on January 7, 2015. ECF No. 1. Plaintiff Ronald A. Johnson ("Plaintiff") filed an Amended Complaint, ECF No. 20, on March 30, 2015, in which he alleges the following relevant facts.

---

[1] It appears that Defendant Cecchettie may spell his name "Checcetti," see e.g. ECF No. 23 at 1; however, the Court will utilize the spelling reflected in the Amended Complaint and the caption of the case.

[2] It appears that Defendant Nixson may spell his name "Nixon," see e.g. ECF No. 28 at 1, however, the Court will utilize the spelling reflected in the Amended Complaint and the caption of the case.

In July 2013, Plaintiff and two friends were traveling from work when they were stopped by Defendant Joseph Nixson ("Nixson"), a police officer. ECF No. 20 ¶¶ 38-39. Defendant Nixson ordered the three out of the car to search for drugs and, when Plaintiff protested, Defendant Nixson pulled his gun and forced Plaintiff and his friends to lie on the ground while Defendant Nixson searched the vehicle. Id. ¶¶ 41-42. No drugs were found. Id. ¶ 42. Plaintiff and his friends then went to the City of Arnold Police Department and filed a complaint against Nixson. Id. ¶ 42.

Later in July 2013, Plaintiff was stopped a second time by Defendant Nixson, who informed Plaintiff at that time that if Plaintiff ever filed a complaint against him, Defendant Nixson would "blow [Plaintiff's] f—king head off and slammed Plaintiff on the car and put his gun into Plaintiff's mouth." Id. ¶¶ 44-45.

A third time in July 2013, Defendant Nixson searched Plaintiff "for no reason." Id. ¶ 46.

In September 2013, the Arnold police received an anonymous tip from "Karen" who said her husband's personal information had been appropriated via identity theft. Id. ¶ 48. Because Karen's husband's name was the same as Plaintiff's, Defendant Nixson assigned the case to himself instead of a detective.[3] Id. ¶ 49. Defendant Nixson eventually prepared an affidavit of probable cause against Plaintiff which included bolstering information from Defendant Nixson as well as incorrect and outdated information. Id. ¶¶ 50-65.

Defendant John J. Petrush ("Petrush") is a Westmoreland County assistant district attorney. Plaintiff claims that Petrush obtained a criminal information against Plaintiff knowing that Defendant Nixson had fabricated evidence. Id. ¶¶ 69-79.

---

[3] Karen Johnson and her husband Ronald Johnson are also defendants in this case, at Count Two. They are not parties to the instant Motions to Dismiss.

Defendant Gregg Cecchettie ("Checchettie"), a Westmoreland County assistant public defender, was appointed to represent Plaintiff. Plaintiff claims that Cecchettie failed to perform his duties after Plaintiff refused to agree to a negotiated plea. Id. ¶¶ 102-104.

On March 24, 2015, Plaintiff pled guilty to one count of identity theft in the Court of Common Pleas of Westmoreland County. Commonwealth v. Johnson, CP-65-CR-0001248-2014.

Defendants Cecchettie and Petrush filed their Motion to Dismiss and Brief in support thereof on April 10, 2015. ECF Nos. 23, 24. Defendants City of Arnold, Nixson and Weber filed their partial Motion to Dismiss and Brief in support thereof on April 13, 2015. ECF Nos. 28, 29. Plaintiff filed briefs in opposition. ECF Nos. 33, 34. The two Motions to Dismiss are now ripe for review.

## II.  STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F. 3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F. 3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

Furthermore, because Plaintiff is *pro se*, his Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

## III. DISCUSSION

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Further, when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### A. Count One: Retaliation (Defendant Nixson)

The elements of a First Amendment retaliation claim predicated on 42 U.S.C. § 1983 are: (1) constitutionally protected conduct; (2) adverse action taken by the defendant sufficient to deter a person of ordinary firmness from exercising his or her rights; and (3) a causal connection between the conduct and the retaliatory action. Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). If the retaliation claim is premised on a successful inducement to prosecute, an additional element is required: the absence of probable cause for the prosecution. Hartman v. Moore, 547 U.S. 250, 265-66 (2006).

Plaintiff alleges that Defendant Nixson, in his role as a City of Arnold police officer, violated Plaintiff's First Amendment rights by retaliating against Plaintiff in multiple ways.

4

Specifically, Plaintiff alleges that, in retaliation for Plaintiff filing a complaint against Defendant Nixson, Defendant Nixson: (1) used his gun to make Plaintiff and his friends lay on the ground while Defendant Nixson searched Plaintiff's car; (2) threatened Plaintiff and put a gun in Plaintiff's mouth; (3) stopped and searched Plaintiff multiple times; and (4) took various improper steps to induce Plaintiff's prosecution for identity theft. ECF No. 20 ¶¶ 88-89. The claims as to each of these alleged retaliatory acts are addressed in turn.

### 1. The first act

As to the first alleged retaliatory act, in which Plaintiff and his friends were forced out of their car, because that event took placed <u>before</u> the identified complaint was filed with the City of Arnold Police Department, there could not have been any causal connection between filing the complaint and the alleged retaliatory act. Thus, this part of Plaintiff's retaliation claim is dismissed with prejudice, as amendment would be futile.

### 2. The second act

As to the second alleged retaliatory act of threatening Plaintiff and putting a gun in his mouth, Defendant Nixson did not move to dismiss this part of Plaintiff's retaliation claim; thus, it survives.

### 3. The third act

As to the third alleged retaliatory act of stopping and searching Plaintiff multiple times, Defendant Nixson did not move to dismiss this part of Plaintiff's retaliation claim; thus, it survives.

### 4. The fourth act

As to the fourth alleged retaliatory act, Defendant Nixson asserts that the part of Plaintiff's retaliation claim based on the prosecution of Plaintiff should be dismissed because

Plaintiff cannot establish a lack of probable cause due to his guilty plea to the charge of identity theft. ECF No. 29 at 7-8. Indeed, the United States Court of Appeals for the Third Circuit has held that the entry of a guilty plea precludes a later claim that no probable cause for the prosecution existed. Walker v. Clearfield Cty. Dist. Attorney, 413 Fed. App'x. 481, 483 (3d Cir. 2011). Accordingly, because Plaintiff cannot establish a required element for this part of the retaliation claim, it is dismissed with prejudice. Amendment would be futile.

### B. Count Three: False Arrest and Malicious Prosecution (Defendant Nixson)

Plaintiff alleges that Defendant Nixson, in his role as a police officer, violated Plaintiff's Fourth Amendment rights when, without cause and in reliance on false or outdated information, Defendant Nixson instituted a criminal proceeding against Plaintiff and arrested him. Defendant Nixson asserts that these claims must be dismissed where a necessary element thereof cannot be established.[4]

#### 1. False Arrest

As the United States Court of Appeals for the Third Circuit has explained, in order to prevail on a false arrest claim under Section 1983, a plaintiff must demonstrate at trial that the police lacked probable cause to arrest the plaintiff. Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995). As discussed above, Plaintiff's guilty plea precludes him from establishing a lack of probable cause for the prosecution. Walker, 413 Fed. App'x. at 483. Accordingly, Plaintiff cannot establish this requisite element of the claim. This claim is dismissed with prejudice as amendment thereof would be futile.

---

[4] In the Brief in Support of the Motion to Dismiss, Defendant Nixson mislabels this claim as Count IV, rather than Count Three. ECF No. 29 at 4. Plaintiff argues that this error constitutes concession of the merits of Count Three. ECF No. 34 at 3. The Court does not agree.

### 2. Malicious Prosecution

As the United States Court of Appeals for the Third Circuit has set forth:

> To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009) (citation omitted).

As discussed above, Plaintiff's guilty plea precludes him from establishing a lack of probable cause for the prosecution. Walker, 413 Fed. App'x. at 483. Accordingly, he cannot establish this element of the claim. This claim is dismissed with prejudice as amendment thereof would be futile.

### C. Count Four: Fourth Amendment Violation (Defendant Petrush)

Plaintiff alleges that Defendant Petrush, in his role as assistant district attorney, violated Plaintiff's Fourth Amendment rights in multiple ways in permitting the criminal action for identity theft to go forward against Plaintiff. ECF No. 20 ¶ 100. Specifically, Plaintiff alleges that Defendant Petrush, improperly, advised Defendant Nixson to arrest Plaintiff, prepared a criminal information based on false allegations and outdated uncorroborated reports, permitted Nixson to obtain a warrant based on false allegations, failed to correct warrants and withheld evidence from Plaintiff. Id. ¶ 99(a)-(f).

Defendant Petrush asserts that he has absolute immunity from liability under Section 1983. Indeed, in initiating a prosecution and in presenting a case, a prosecutor enjoys absolute immunity under Section 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). This immunity

7

applies even for "malicious or dishonest action" taken by the prosecutor. Id. at 427. Accordingly, Plaintiff cannot bring a Section 1983 action against Defendant Petrush. The claim is dismissed with prejudice, as amendment would be futile.

### D. Count Five: Retaliation (Defendant Cecchettie)

Plaintiff alleges that Defendant Cecchettie, in his role as a public defender representing Plaintiff, violated Plaintiff's First Amendment rights by retaliating against Plaintiff after he refused to accept a plea deal. ECF No. 20 ¶ 103. Specifically, Plaintiff alleges that Defendant Cecchettie intentionally withheld exculpatory evidence, failed to file motions on Plaintiff's behalf, failed to obtain discovery on Plaintiff's behalf and failed to talk to Plaintiff. Id. ¶ 102(b)-(g).

Defendant Cecchettie asserts that Plaintiff cannot bring a 1983 action against him where he was not acting under color of state law. ECF No. 24 at 5-7. Indeed, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Plaintiff responds that Defendant Cecchettie's actions indicate that he was not performing a lawyer's traditional functions during his representation of Plaintiff. ECF No. 33 at 4. Plaintiff's response is inapt. Although Plaintiff challenges the quality of Defendant Cecchettie's performance as Plaintiff's counsel, it is undisputed that Defendant Cecchettie was performing the role of Plaintiff's defense attorney. Accordingly, Plaintiff cannot bring a Section 1983 action against Defendant Cecchettie. The claim is dismissed with prejudice, as amendment would be futile.

### E. Count Six: Retaliation, False Arrest and Malicious Prosecution (Defendants City of Arnold and Willie Weber)

Plaintiff alleges that Defendant City of Arnold and its police chief, Defendant Willie Weber, are liable for the various violations of constitutional rights alleged to have been visited upon Plaintiff by Officer Nixson where these Defendants failed to properly train Defendant Nixson and had in place policies and customs that permitted the violations to occur. ECF No. 20 ¶¶ 105-108.

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Monell v. Dept. of Soc. Servs, 436 U.S. 658, 694-95 (1978)). However, such entities are responsible only for their own acts and are not vicariously liable for the acts of their employees. Connick, 131 S. Ct. at 1359; see also Bielevicz v. Dubinon, 915 F.2d 845, 849-50 (3d Cir. 1990) ("municipal liability attaches only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (quoting Monell, 436 U.S. at 694). Further, a municipality may be held liable for the constitutional violations of an employee police officer when the municipality fails to adequately train or supervise the officer in a manner that amounts to "deliberate indifference" to the rights of persons with whom the police come into contact. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).

In their Motion to Dismiss, Defendants City of Arnold and Weber make no argument directed specifically at their liability, relying only on the general arguments that Plaintiff's claims for retaliation and false arrest are barred by his guilty plea.

Accordingly, Plaintiff's claims against Defendants City of Arnold and Weber that are based on the claims dismissed *supra* as barred by the entry of the guilty plea, *i.e.*, retaliation based on the prosecution of Plaintiff, false arrest and malicious prosecution, are dismissed with prejudice for the same reasons that the underlying claims were dismissed with prejudice. Plaintiff's claims against Defendants City of Arnold and Weber based on the retaliation claims that survive, *i.e.*, retaliation based on the acts identified *supra* as "the second act" and "the third act," survive as well.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants Gregg Cecchettie and John J. Petrush, ECF No. 23, is granted and the partial Motion to Dismiss filed by Defendants City of Arnold, Joseph Nixson and Willie Weber, ECF No. 28, is granted. Accordingly, the following Order is entered:

AND NOW, this 10th day of September IT IS HEREBY ORDERED that Motion to Dismiss filed by Defendants Gregg Cecchettie and John J. Petrush, ECF No. 23, is GRANTED and the partial Motion to Dismiss filed by Defendants City of Arnold, Joseph Nixson and Willie Weber, ECF No. 28, is GRANTED.

As to Count I, the retaliation claims against Defendant Nixson are dismissed as to the initial encounter with Defendant Nixson in July 2013 ("the first act") and as to Defendant Nixson's conduct in inducing the prosecution for identity theft ("the fourth act"). These two subparts of the retaliation claim are dismissed with prejudice as amendment would be futile.

As to Count III, the Fourth Amendment false arrest and malicious prosecution claims against Defendant Nixson, the claims are dismissed with prejudice as amendment would be futile.

As to Count IV, the Fourth Amendment claims against Defendant Petrush, the claims are dismissed with prejudice as amendment would be futile.

As to Count V, the retaliation claim against Defendant Cecchettie, the claim is dismissed with prejudice as amendment would be futile.

As to Count VI, the false arrest and malicious prosecution claims against Defendants City of Arnold and Willie Weber are dismissed with prejudice only as to "the first act" and "the fourth act."[5]

IT IS FURTHER ORDERED that Defendants Gregg Cecchettie and John J. Petrush are dismissed from the case.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, any appeal from this Order must be taken within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Ronald A. Johnson
HW 9956
SCI Smithfield
P.O. Box 9999, 1120 Pike Street
Huntingdon, PA 16652

All Counsel of Record Via CM-ECF

---

[5] Following this ruling on the Motions to Dismiss, the only claims that survive are: Count I against Defendant Nixson as to "the second act" and "the third act" of retaliation, Count II alleging retaliation against Defendants Karen Johnson and Ronald Johnson and Count VI as to Defendants City of Arnold and Wille Weber relative to retaliation based on "the second act" and "the third act."