IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. JOHNSON, ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 15-20 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| RONALD JOHNSON *et al.*; KAREN ) | |
| JOHNSON; POLICE OFFICER JOSEPH ) | |
| NIXSON; FRANK O'LEATH *EMT-P.*; ) | |
| WILLIE WEBER *Chief of Arnold Police* ) | Re: ECF No. 51 |
| *Dept.*; CITY OF ARNOLD *and it's Mayor*; ) | |
|         Defendants. ) | |

## **MEMORANDUM ORDER**

Presently before the Court is a Motion to Compel Discovery filed by Plaintiff Ronald A. Johnson ("Plaintiff"). ECF No. 52. Also before the Court is Defendants City of Arnold, Joseph Nixson, and Willie Weber's ("the Arnold Defendants") Response in Opposition to Plaintiff's Motion to Compel Discovery and Brief in support thereof. ECF Nos. 53, 54.

I. **DISPUTED DISCOVERY**

The instant Motion seeks to compel production of items which can be catergorized as follows: (1) directives, policies and procedures concerning citizen complaints; (2) all complaints filed against Defendant Nixson and the responses to those complaints; (3) all investigative disciplinary procedures against Defendant Nixson including all warnings and reprimands given to Defendant Nixson; and (4) "the three convictions for identity theft that Nixson said Plaintiff had." ECF No. 51 at 2. Plaintiff appears to indicate that he seeks only those items pertaining to the time period of 2008-2013. Id. at 3.

## II. LEGAL STANDARD

The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> **(1) Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
>
> Fed.R.Civ.P. 26(b)(1). Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b) (1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

In re Milo's Kitchen Dog Treats Consol. Cases, 307 F.R.D. 177 (W.D. Pa. 2015).

## III. ANALYSIS

### A. Citizen Complaint Procedure Materials

The Arnold Defendants object to producing this material on the bases that the request is vague, overbroad, not reasonably limited in time and scope and not reasonably calculated to lead to the discovery or admissible evidence  ECF No. 51-1 at 5, 7.  The Arnold Defendants also

assert that they have "provided a detailed explanation as to the Police Department's procedure for handling citizen complaints." ECF No. 54 at 4. That explanation was as follows:

> …[C]itizen complaints against an Arnold Police Department Officer are referred to the Arnold Chief of Police. If the complaint is not resolved to the complainant's liking before the Chief of Police, the complaint is referred to the Westmoreland County District Attorney's office.

ECF No. 51-1 at 5.

This explanation is insufficient to satisfy Plaintiff's limited request.

As to this request, Plaintiff's Motion to Compel is granted. The Arnold Defendants must produce any and all written directives, policies and procedures concerning the handling of citizen complaints in effect from 2008 to 2013.

### B. Nixson Complaint Materials

The Arnold Defendants object to producing this material on the bases that the request is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. ECF No. 51-1 at 5. They further assert that "the City of Arnold Police Department did not receive any complaints against Defendant Sgt. Nixon between 2008 and 2013." Id.

In light of the absence of any complaints, the Motion to Compel is denied as to these requests.

### C. Nixson Disciplinary Materials

The Arnold Defendants object to producing this material on the bases that the request is vague, overbroad, not reasonably limited in time or scope, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. ECF No. 51-1 at 6, 7. In their brief, however, the Arnold Defendants make clear that their primary objection is to the lack of any limitation as to time and even place of employment. ECF No. 54 at 5. As stated above, it appears that Plaintiff has limited his request to the time period of 2008-2013. There is no

indication that Defendant Nixson was employed by an entity other than the City of Arnold Police Department during the relevant time period.

Thus, as to these requests, Plaintiff's Motion to Compel is granted insofar as the Arnold Defendants are ordered to produce any and all records of disciplinary investigations concerning Defendant Nixson's employment by the City of Arnold Police Department from 2008 to 2013.

### D.     Identity Theft Convictions

The Arnold Defendants object to producing this material, *inter alia*, on the basis that Plaintiff seeks information and/or documents that are equally available to or already in the possession of Plaintiff.

As it appears that Plaintiff seeks information that is publicly available, the Motion to Compel is denied as to this request.

AND NOW, this 18th day of December, 2015, for the foregoing reasons, Plaintiff's Motion to Compel Discovery, ECF No. 51, is GRANTED in part and DENIED in part.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Ronald A. Johnson
       HW 9956
       SCI Smithfield
       P.O. Box 9999, 1120 Pike Street
       Huntingdon, PA 16652

       All Counsel of Record Via CM-ECF