IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. JOHNSON,<br>    Plaintiff,<br><br>vs.<br><br>RONALD JOHNSON; KAREN<br>JOHNSON; POLICE OFFICER JOSEPH<br>NIXSON; WILLIE WEBER *Chief of*<br>*Arnold Police Dept.*; CITY OF ARNOLD<br>*and it's Mayor*;<br>    Defendants. | Civil Action No. 15-20<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 68 and 71 |

## MEMORANDUM ORDER

Presently before the Court are two Motions for Sanctions: (1) ECF No. 68, filed by Defendants Ronald Johnson and Karen Johnson ("the Johnson Defendants"); and (2) ECF No. 71, filed by Defendants City of Arnold, Joseph Nixson and Willie Weber (collectively, "the Arnold Defendants"). In these Motions, Defendants seek sanctions against Plaintiff Ronald A. Johnson ("Plaintiff") for multiple discovery infractions.

### I. FACTUAL BACKGROUND

At this posture of the instant litigation, Plaintiff is pursuing civil rights claims against the Defendant Nixson (at Count I), the Johnson Defendants (at Count II) and Defendants City of Arnold and Willie Weber (at Count VI). ECF No. 20. Plaintiff's claims against the Arnold Defendants concern alleged retaliatory acts by Defendant Nixson in his encounters with Plaintiff. Id. ¶¶ 87-90; 105-108. Plaintiff's claims against the Johnson Defendants concern alleged

retaliatory acts in their providing of information to Defendant Nixson which led to Plaintiff's arrest. Id. ¶¶ 91-93. The Johnson Defendants have asserted a counterclaim against Plaintiff for reckless or intentional infliction of emotional distress in the event that Plaintiff is determined to be the person who perpetrated fraud using Defendant Ronald Johnson's identity for many years.[1] ECF No. 40 at 7-8; ECF No. 43 at 6.

## II. RELEVANT PROCEDURAL HISTORY

On November 17, 2015, the Arnold Defendants served a "First Set of Interrogatories Directed to Plaintiff" and "Requests for Production of Documents Directed to Plaintiff." ECF Nos. 56-2 and 56-3. In Interrogatory Number 1, Plaintiff was requested to provide, *inter alia*, his date of birth and his Social Security number. ECF No. 56-2 at 7. Plaintiff's answers and responses were due on December 17, 2015, per Federal Rule of Civil Procedure 33(b)(2) (providing that a responding party must serve answers and objections within 30 days of service of interrogatories) and 34(b)(2) (providing that party must respond within 30 days of service of request for documents).

On December 23, 2015, having received nothing from Plaintiff in response to their written discovery requests, the Arnold Defendants filed a "Motion to Compel Discovery Responses and Continue Discovery." ECF No. 56. On January 6, 2016, this Court granted the Motion to Compel, directing Plaintiff to serve "full and complete responses" to the Arnold Defendants' interrogatories and requests for production of documents by January 19, 2016. ECF No. 60. The Court mailed a copy of this order directly to Plaintiff at his address of record. Id.

On January 13, 2016, the Johnson Defendants filed a "Motion for Protective Order Pursuant to F.R.C.P. 26(C)." ECF No. 62. Therein, the Johnson Defendants set forth the

---

[1] On March 25, 2015, Plaintiff pled guilty to a criminal charge of identity theft, a felony of the second degree, in the Court of Common Pleas of Westmoreland County. He was sentenced to a period of incarceration. ECF No. 23-1.

2

following facts. Plaintiff had been noticed for a deposition by videoconference on January 7, 2016. Id. ¶ 2. At that time, Plaintiff refused to testify because the Court had not granted leave to depose him. Id. ¶ 3. Plaintiff was requested to stand by and await such leave from the Court; however, he refused. Id. ¶ 4. Plaintiff indicated that even if the Court granted leave to depose him, he would refuse to testify because the Johnson Defendants had not responded to certain of Plaintiff's discovery requests. Id. ¶ 5. Plaintiff also used crude and vulgar language towards counsel for the Arnold Defendants. Id. ¶ 6. The Johnson Defendants further informed the Court that Plaintiff had refused to answer their interrogatories concerning his date of birth and Social Security number. Id. ¶ 11.

On January 14, 2016, this Court entered an order directing Plaintiff not to refuse to answer any question at his deposition except on grounds recognized by Federal Rule of Civil Procedure 26(b) or 26(c). ECF No. 63. The Court further directed Plaintiff not to use "crude, vulgar, obscene, profane or disparaging language" at his deposition. Id. The Court specifically directed Plaintiff to state his date of birth and his Social Security number in response to questions of counsel. Id. Finally, the Court warned Plaintiff that failure to comply with its directives could lead to dismissal of his action with prejudice. Id. The Court mailed a copy of this order directly to Plaintiff at his address of record. Id.

As set forth in detail in the Discussion section of this Memorandum Order, during Plaintiff's deposition on January 28-29, 2016, Plaintiff again repeatedly refused to answer questions as to his Social Security number and refused to comply with the Order of this Court dated January 14, 2016.

3

On February 19, 2016, the Johnson Defendants filed the instant "Motion for Sanctions Pursuant to Fed. R. C. P. 30(d)." ECF No. 68. Plaintiff filed a response thereto on March 7, 2016. ECF No. 74.

On March 1, 2016, the Arnold Defendants filed the instant "Motion for Sanctions" and brief in support thereof. ECF Nos. 71-72. Plaintiff filed a response thereto on March 11, 2016. ECF No. 76.

These Motions are now ripe for review.

### III. DISCUSSION

#### A. The Johnson Defendants' Motion for Sanctions

In their Motion for Sanctions, the Johnson Defendants described Plaintiff's video deposition of January 28, 2016 and January 29, 2016. Additionally, a transcript of the deposition is attached to the Motion.

At the start of Plaintiff's deposition on January 28, 2016, counsel for the Arnold Defendants read the text of this Court's January 14, 2016, order directing Plaintiff to state his Social Security number in response to questions of counsel. ECF No. 68-3 at 2. Subsequently, the following exchange occurred between counsel for the Arnold Defendants and Plaintiff:

> Q: What is your Social Security number?
> A: I object to that question. I would like to place that on the record as privileged, to be honest with you.
> Q: [Plaintiff], I'm going to just refer you to the order that I just read to you.
> A: Yeah, I know that. I know the order, though, I'm just telling you that the information is privileged because I'm afraid that you're going to use it for something other than what you're supposed to use it for.
> Q: So are you –
> A: Now, if you just – go ahead. I'm sorry.
> Q: I was just going to ask: Are you refusing to answer that question?
> A: I'm not refusing to answer the question; I'm just refusing to give you the Social Security number as my objection because that information is privileged.

4

ECF No. 68-3 at 3.

Later, when counsel for Johnson Defendants asked Plaintiff for his Social Security number, Plaintiff similarly "objected" and refused to provide it. Id. at 17.

On January 29, 2016, Plaintiff's deposition continued. Again, counsel for the Johnson Defendants asked Plaintiff for his Social Security number. The following exchange occurred:

> Q: What is your Social Security number?
> A: I'm not going to reveal that. I object to that as privileged.
> Q: What privilege are you claiming that allows you to not tell us your Social Security number?
> A: Because there is no law that states that you have to give your Social Security number to anyone.

ECF No. 68-4 at 2.

Plaintiff refused to provide his Social Security number a final time when asked for it by counsel for the Johnson Defendants near the end of the deposition. Id. at 12.

The Johnson Defendants assert that Plaintiff's Social Security number is relevant "both to establishing the defense that Plaintiff was in fact the person who committed the crime of identity theft in the allegedly wrongful Westmoreland County prosecution which is the basis for Plaintiff's action, and to establishing that Plaintiff is the person who misappropriate the Social Security numbers of defendant Ronald Johnson and the Johnson defendants' son Christopher, as the result of which Plaintiff was charged with and pleaded guilty to charges of identity theft in Crawford County, Pennsylvania in 2008, and passing bad checks and receiving stolen property in Erie County, Pennsylvania in 2009." ECF No. 68 ¶ 7.

In Plaintiff's response to this Motion for Sanctions, Plaintiff baldly and repeatedly asserts that the Johnson Defendants have no need for his Social Security number as he believes that it is irrelevant to this case. ECF No. 74.

### B. The Arnold Defendants' Motion for Sanctions

In the Arnold Defendants' Motion for Sanctions, ECF No. 71, they cite to Plaintiff's refusal to provide his Social Security number at the January 28, 2016, and January 29, 2016, deposition, as well as Plaintiff's failure to serve full and complete responses to their Interrogatories and Requests for Production of Documents.

In Plaintiff's response to this Motion for Sanctions, he asserts that his Social Security number is privileged and not relevant. ECF No. 76. Plaintiff further asserts that counsel for the Arnold Defendants has not stated why the documents he has failed to produce are important. Id.

### C. Analysis

At a minimum, Plaintiff has failed to comply with two of this Court's orders: (1) the January 6, 2016, order directing Plaintiff to serve "full and complete responses" to the Arnold Defendants' interrogatories and requests for production of documents by January 19, 2016; and (2) the January 14, 2016, order which, *inter alia,* specifically directed Plaintiff to state his Social Security number in response to questions of counsel. As a defense to his failure to comply, Plaintiff offers only his personal opinion as to of the lack of need for disclosure of the items the Court has ordered to be produced. It is clear that Plaintiff has no intention of complying with these orders because he does not respect the Court's authority on these matters. Thus, it is also clear that sanctions are in order.

"Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders." Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013) (citing Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, (1962)). However, before imposing the sanction of dismissal, the court must consider the six

factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). Knoll, 707 F.3d at 409. Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis omitted).

Factors 1, 3, and 4 all relate to Plaintiff's willful and repeated failure to comply with this Court's orders. These weigh heavily against him.[2] In particular, Plaintiff's repeated defiance of this Court's January 14, 2016, direct and specific order to provide his Social Security number to opposing counsel when asked constitutes bad faith conduct which is solely Plaintiff's personal responsibility.

The second factor, the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders, weighs against Plaintiff as well. Obviously, the Arnold Defendants are prejudiced in their defense of this case by Plaintiff's failure to provide requested discovery. The Johnson Defendants are prejudiced by Plaintiff's failure to disclose his Social Security number because, they claim, it is relevant to their defense of his claim against them, and to prosecution of theirs against him, *i.e.*, to establishing that Plaintiff is the person who used Defendant Ronald Johnson's Social Security number. Plaintiff denies he did so.

Although this Court notes that Plaintiff's identity theft convictions appear to negatively impact his claims against the Johnson Defendants, the sixth factor, the meritoriousness of the

---

[2] As further evidence of Plaintiff's dilatoriness in this case, on January 7, 2016, this Court entered a Case Management Order requiring Plaintiff to file a Pretrial Narrative Statement by March 4, 2016. ECF No. 61. He did not do so. As a result, on March 8, 2016, this Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. ECF No. 75. Eventually, Plaintiff filed two Pretrial Narrative Statements on March 25, 2016. ECF Nos. 82, 83.

7

claim, will be weighed neither in favor nor against Plaintiff. It is too early in the litigation to assess the merits of Plaintiff's claims. Nonetheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Plaintiff's repeated failure to comply with this Court's orders, more accurately described as defiance of this Court's orders, even when warned that a failure to comply with the Court's directives may result in the dismissal of his action, indicates a lack of serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Accordingly, the Complaint filed in the above-captioned case will be dismissed.

## IV. CONCLUSION

AND NOW, this 31st day of March, 2016, for the foregoing reasons, IT IS ORDERED that Defendants Ronald Johnson and Karen Johnson's Motion for Sanctions, ECF No. 68, is GRANTED; Defendants City of Arnold, Joseph Nixson and Willie Weber's Motion for Sanctions, ECF No. 71, is GRANTED; and Plaintiff's Amended Complaint, ECF No. 20, is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that, in light of the dismissal of Plaintiff's Amended Complaint with prejudice, Defendants Ronald Johnson and Karen Johnson are to notify this Court within 14 days as to whether they will withdraw without prejudice their counterclaim against Plaintiff in order to permit this Court to close this case.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, an appeal from this Order must be filed within 30 days via notice of appeal

as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/ Maureen P. Kelly

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Ronald A. Johnson
HW 9956
SCI Smithfield
P.O. Box 9999, 1120 Pike Street
Huntingdon, PA 16652

All Counsel of Record Via CM-ECF

9